Judge Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR12-5121RBL |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| STOWE CONSTRUCTION, INC. | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Matthew Diggs and James Oesterle, Assistant United States Attorneys for said District, Defendant, STOWE CONSTRUCTION INC., and its attorney, John Wolfe, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(b):

1. <u>Waiver of Indictment.</u> Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. <u>The Charge.</u> Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in Count One of the Information: knowingly violating, or causing to violate, conditions and limitations under a Clean Water Act permit in violation

of Title 33, United States Code, Section 1319(c)(2)(A) and Title 18, United States Code, Section 2.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering Defendant's plea of guilty, Defendant's authorized representative will be placed under oath. Any statement given by Defendant's authorized representative under oath may be used by the United States in a prosecution for perjury or false statement.

3.    Elements of the Offense. The elements of the offense of knowingly violating, or causing to violate, conditions and limitations under a Clean Water Act permit as charged in Count One, are as follows:

First, the Defendant, through the acts of its employees, agents and servants, violated a condition or limitation of a National Pollutant Discharge Elimination System (NPDES) Permit issued pursuant to the Federal Clean Water Act by the United States Environmental Protection Agency or an authorized state;

Second, the Defendant acted knowingly, that is, (a) the Defendant's employees, agents and servants committed the violation deliberately and not as the result of ignorance, mistake, or accident, and (b) the Defendant's employees, agents and servants were aware of the facts constituting the permit violation.

Defendant acknowledges that under established principles of corporate liability and respondeat superior, as these principles apply in the instant case, corporate defendants are liable for the actions of their employees, agents, and servants under circumstances where the employees, agents, and servants are acting within the scope of their agency and their actions are intended, at least in part, to benefit the corporate defendant. *See, e.g. United States v. Beusch*, 596 F.2d 871 (9th Cir. 1979); *United States v. Powder Puff Co.*, 163 F.2d 1008 (7th Cir. 1947); *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 495 (1909).

4.    The Penalties. Defendant understands that the statutory penalties for the

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 2
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

offense of Discharge in Violation of a Permit, as charged in Count One are as follows: a maximum fine of (a) not less than five thousand dollars ($5,000.00), nor more than fifty thousand dollars ($50,000.00) per day of violation, or (b) five hundred thousand dollars ($500,000.00), or (c) twice the gross gain or loss from the offense; a period of probation of at least one (1) year and up to five (5) years, and a four hundred dollar ($400.00) special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5.      Rights Waived by Pleading Guilty.  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

        a.      The right to plead not guilty and to persist in a plea of not guilty;

        b.      The right to a speedy and public trial before a jury of Defendant's peers;

        c.      The right to the effective assistance of counsel at trial;

        d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

        e.      The right to confront and cross-examine witnesses against Defendant at trial;

        f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

        g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

        h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      Applicability of United States Sentencing Guidelines.    Defendant

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 3
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

understands and acknowledges that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to the sentencing in this case for advisory purposes, except that pursuant to USSG §§ 8C2.1, Chapter 8 of the United States Sentencing Guidelines does not apply to determine the appropriate fine in this case. Defendant understands and acknowledges that, at sentencing, the Court must consider the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

      a.     The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

      b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 4
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

7.      Sentencing Agreements. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree to jointly recommend at the time of sentencing that the Court impose the following sentence:

a.      Fine. Defendant shall pay a criminal fine in the amount of Three Hundred Fifty Thousand dollars ($350,000.00).  The parties agree that the fine will become due and owing within one year of judgment or upon the sale of any portion of the Rainier Park of Industry, Division 4 Property, whichever occurs first.  The parties further agree to recommend that interest not accrue on any unpaid portion of the criminal fine amount for a period of one year following the date of entry of judgment or until the sale of any portion of the Rainier Park of Industry, Division 4 Property, whichever occurs first.  Any balance remaining unpaid at the time of sentencing shall be secured by a first-position lien on the Rainier Park of Industry, Division 4 Property, held in the name of the United States.  From the date of this Plea Agreement, the defendant shall take all necessary steps to facilitate the recording of such a lien by the United States.  To ensure that no encumbrances occur between the date of the plea and the entry of the judgment, the United States is authorized to record lis pendens on the property against which the lien shall be recorded, upon sentencing.

b.      Mandatory Special Assessment. Defendant shall pay a special assessment of Four Hundred dollars ($400.00) as to Count One.

c.      Probation. Defendant will be placed on organizational probation for a period of three (3) years pursuant to USSG §§ 8D1.1 and 8D.1.2. The parties agree that the Defendant can petition the Probation Office no earlier than two years following entry of the judgment to terminate the probationary term, provided the storm water compliance plan outlined below has been fully implemented as verified by a third-party consultant. The parties agree that Defendant's probationary term shall be terminated upon sale of all of its right, title and interest in the Rainier Park of Industry, Division 4 Property, provided the Defendant holds no interest in the entity acquiring the property, the purchaser(s) are

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 5
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

innocent third party purchaser(s) for value, and the Defendant has satisfied all Court ordered financial penalties and costs reflected in the Judgment and Sentence. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

(1)  <u>No Further Violations.</u>  Defendant shall not commit any further violations of federal, state, or local environmental criminal laws, and shall conduct all its operations in accordance with federal, state, and locals environmental statutes and regulations.

(2)  <u>Storm Water Compliance Plan (SWCP).</u>  Defendant agrees to fund and implement the Storm Water Compliance Plan (SWCP), attached hereto as Exhibit A, consistent with the sentencing policies set forth in USSG § 8D1.4. If Defendant changes its name, re-organizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of the Defendant shall take over the responsibility to develop, implement, fund and maintain the SWCP, provided that the person or entity acquiring the assets or taking over the operations are wholly or partially owned or controlled, directly or indirectly, by Stowe Construction Inc., its parent companies, affiliates, successors in interest or assigns. The Defendant agrees that compliance with the SWCP will be a condition of Probation.

(3)  <u>Access.</u>  Defendant agrees that during the period of probation, and at all reasonable times and with as reasonable of a prior notice by the United States as practicable, it will provide the United States with full access to all facilities, sites, employees, and records relevant to monitoring compliance with the terms and conditions of the SWCP.

d.  <u>Public Apology.</u>  The parties agree that the Defendant will publicly apologize for its criminal conduct by purchasing a one-quarter page advertisement in a widely-circulated local or regional news publication. The published apology and selected news publication must be pre-approved by the United States Attorney's Office in

consultation with the United States Environmental Protection Agency, Criminal Investigative Division. The published apology will include the defendant's name, the nature of the offense and any harm caused by the offense, the fact that the Defendant pled guilty, the sanctions imposed, and the apology itself. The public apology will be published no later than one (1) month following the entry of judgement.

   f. <u>Restitution.</u> Restitution is not applicable in this case, and the fine imposed herein should represent the full extent of monetary penalty to be imposed on the Defendant pursuant to this plea agreement.

   7. <u>Application of the Agreement.</u> This Agreement shall bind Defendant and its subsidiaries and affiliates, including all subsidiaries and affiliates that technically manage and/or operate Construction Sites or other real property owned or operated by Defendant, and all successors in interest, if applicable, and all successors and assigns. Defendant shall provide immediate notice to the United States Attorney's Office, and the United States Environmental Protection Agency/Criminal Investigation Division-Seattle Office of any of the following: any corporate name changes; any purchase or sale of Land or other Construction Sites; any purchase, sale or reorganization or divestiture; or any other change impacting upon or affecting this Plea Agreement or the SWCP. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement. This Agreement does not apply to any land or construction site owned by the Defendant, which is subsequently sold in an arms length transaction to an unrelated purchaser.

   8. <u>Statement of Facts.</u> The parties agree on the following facts. Defendant admits that, by and through the actions of its employees, agents and servants, it is guilty of the charged offense.

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 7
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

a.      STOWE CONSTRUCTION, INC., was a Washington corporation engaged in the business of construction activity, including commercial land development. STOWE CONSTRUCTION, INC. owned a parcel of real property known as the Rainier Park of Industry, Division 4 Site (the Site) located on West Valley Highway in Sumner, Washington.  Beginning in approximately May 2007, STOWE CONSTRUCTION, INC. commenced development of the Site intending to construct commercial buildings, associated parking, storm drainage, and utility improvements.  Development activities undertaken by STOWE CONSTRUCTION, INC. included clearing, grading, and excavation.

b.      The Federal Water Pollution Control Act ("Clean Water Act"), Title 33, United States Code, Section 1251, et seq., prohibits the discharge of any pollutant into the waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System (NPDES) by the United States Environmental Protection Agency (EPA) or an authorized state. 33 U.S.C. §§ 1311(a) and 1342.  Section 402(p) of the Clean Water Act, together with EPA's implementing regulations, required NPDES permit authorization for discharges of storm water associated with industrial activity, which includes construction activities.  33 U.S.C. § 1342(p) and 40 C.F.R. § 122.26.  Persons engaged in certain construction activities must obtain NPDES permit authorization prior to discharging storm water into waters of the United States.

c.      The State of Washington received the delegated authority from the EPA to implement the Clean Water Act, including issuance of NPDES permits, in 1973. Washington Department of Ecology (WDOE) adopted the initial General Permit for storm water discharges associated with construction activity (the "General Permit") on November 18, 1992. On November 16, 2005, WDOE adopted a General Permit for storm water discharges associated with construction activity (the "General Permit").  The general permit was reissued on December 15, 2010.

d.      The General Permit required facility operators to prepare and implement an adequate Storm Water Pollution Prevention Plan (SWPPP) with all appropriate Best Management Practices (BMPs) installed and maintained in accordance with the SWPPP and the terms and conditions of the General Permit before discharging storm water from construction activities.  The BMPs are designed to minimize and eliminate the migration of pollution from construction sites into the nation's waters.

e.      On or about September 12, 2006, Bryan Stowe, acting on behalf of STOWE CONSTRUCTION, INC., caused to be submitted to WDOE an application seeking coverage under the Construction Stormwater General Permit for the Site.  On October 23, 2006, WDOE issued permit coverage under the Construction Stormwater General Permit to STOWE CONSTRUCTION, INC. and Bryan Stowe for storm water discharges from the Site.  STOWE CONSTRUCTION, INC. and Bryan Stowe received renewed coverage under the Permit on January 1, 2011.  The General Permit included the following requirements:

(1)      discharges shall not cause or contribute to a violation of Washington State surface water quality standards;

(2)      preparation and implementation of an adequate SWPPP, with all appropriate BMPs installed and maintained in accordance with the SWPPP and the General Permit;

(3)      maintenance of a site log book documenting implementation of the SWPPP, installation and maintenance of BMPs, site inspections, and storm water monitoring;

(4)      weekly visual inspections of the site to ensure proper functioning and maintenance of BMPs with inspection results summarized in a Site Inspection Form or checklist entered into, or attached to, the site log book, which would be available for agency site inspections;

(5)      weekly sampling for turbidity of storm water discharges with

samples being representative of the flow and characteristics of the discharge and conducted at all discharge points where storm water is discharged off-site; and

(6)     monthly submission of Discharge Monitoring Reports containing weekly sampling results to the Department of Ecology.

f.     The Construction General Stormwater General Permit mandated that all documentation required by the Permit (to include Site Inspection Forms and Discharge Monitoring Reports) be signed by a corporate officer or duly authorized corporate representative.  The signor of any reports required by the Permit was required to certify that all information in the reports was true, accurate, and complete.

g.     During all times relevant to this case, Bryan Stowe was the president, part-owner and operator of STOWE CONSTRUCTION, INC.  He supervised construction activities at the Site.  In addition, he was responsible for overseeing all regulatory compliance matters associated with development of the Site, including obtaining and complying with required storm water discharge permits.  Between 2007 and 2011, Bryan Stowe received regular communications from the Washington State Department of Ecology (WDOE) and the EPA related to the conditions at the Site and compliance, or lack thereof, with storm water discharge permits.

h.     Beginning in 2007 and continuing until 2011, Bryan Stowe authorized and instructed an employee or agent, Timothy Barger, to conduct water sampling and site inspections, and to complete the Discharge Monitoring Reports and Site Inspection Forms required by the storm water discharge permit.  Timothy Barger undertook these assigned duties intending to benefit the Defendant.

I.     At various dates between late 2007 and early 2011, Timothy Barger falsified information in documents required to be maintained under the Permit, particularly water turbidity sampling results reported on the Discharge Monitoring Reports, and information related to the installation and maintenance of Best Management Practices reported on the Site Inspection Forms.  For example, on or about March 14,

2008, Timothy Barger, made materially false representations that appropriate Best Management Practices consistent with the Stormwater Pollution Prevention Plan had been installed and maintained at the Site, when in fact such Best Management Practices were not installed and maintained at the Site.

j. Timothy Barger's conduct, including falsifying Discharge Monitoring Reports and Site Inspection Forms, fell within the scope of his general responsibilities as both an employee and agent of STOWE CONSTRUCTION, INC. Timothy Barger undertook his actions, including falsifying Discharge Monitoring Reports and Site Inspection Forms, intending to benefit Bryan Stowe and STOWE CONSTRUCTION, INC.

k. From December 2007 through January 2011, said dates being approximate, in Pierce County, within the Western District of Washington, Bryan Stowe, knowingly violated the terms of and conditions of the Construction Stormwater General Permit on numerous occasions, including but not limited to the following violations: failing to install or have installed adequate BMPs, failing to conduct or have conducted adequate inspections of the Site, and by discharging storm water that resulted in a violation of Washington Water Quality Standards. Bryan Stowe's conduct fell within the scope of his general responsibilities as both an owner/employee and agent of STOWE CONSTRUCTION, INC. Bryan Stowe undertook the above actions and omissions intending to benefit STOWE CONSTRUCTION, INC.

l. The failure of STOWE CONSTRUCTION, INC, through the actions of its agents, employees, and servants, to abate, control, or slow the erosion and contamination process on the Site persisted through at least the end of January 2011; and therefore, resulted in a repetitive discharge or release of pollutants into the environment.

9. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to not prosecute the Defendant for any additional offenses known to it as of the time of this

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Nothing contained in this Agreement is meant to limit the rights and authority of the United States to take further civil or administrative action against the Defendant, included but not limited to, any listing and debarment proceedings to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies. This Agreement applies to crimes committed by the Defendant and has no effect on any proceeding against any entity or individual not expressly mentioned herein, including the actual or potential liability of any individuals.

10.  Corporate Authorization.  Defendant represents that it is authorized to enter into this Agreement and to bind itself and any subsidiaries to the terms of this Agreement. On or before the date of entry and filing of the Plea Agreement, Defendant shall provide to the United States Attorney's Office and the Court a written statement, under corporate seal and properly authenticated under the laws of the State of Washington, certifying that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of Stowe Construction, Inc. has been authorized by Defendant to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations.

11.  Breach, Waiver, and Post-Plea Conduct.  If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this

Agreement, the government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Defendant recognizes that no such breach by it of any obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, preindictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

12.   <u>Waiver of Appeal.</u>  Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives it the right to appeal the sentence imposed and that other federal statutes give the Defendant the right to appeal other aspects of the conviction. In consideration of this agreement, the Defendant knowingly and voluntarily waives to the full extent of the law:

a.   Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b.   Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 13
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

13.   Voluntariness of Plea.  Defendant, through its authorized representatives, acknowledges that it has entered into this Plea Agreement freely and voluntarily and it has been fully advised by counsel, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14.   Statute of Limitations.  In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15.   Interdependence of Plea Agreements.  The parties agree that this Plea Agreement shall be conditioned up on the Court's acceptance of the Plea Agreement between the United States and co-defendant Bryan Stowe.  The defendant understands, therefore, that this Agreement is part of a package plea agreement with the United States, to wit: if either Defendant or Bryan Stowe subsequently seeks to withdraw from the guilty plea, then the United States will withdraw from both Plea Agreements and will seek an indictment against both parties for all crimes for which the United States has sufficient evidence.

16.   Completeness of Agreement.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 14
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 30ᵗʰ day of March, 2012.

For the UNITED STATES OF AMERICA:

_Matthew Diggs_
Matthew D. Diggs
Assistant United States Attorney

_James D. Oesterle_
James D. Oesterle
Assistant United States Attorney

For STOWE CONSTRUCTION, INC.:

~~Linda Stowe~~  John Wolfe
Authorized Corporate Representative on Behalf of STOWE CONSTRUCTION, INC.

~~John Wolfe~~  Nicole Tadano
Counsel for STOWE CONSTRUCTION, INC.

PLEA AGREEMENT/STOWE CONSTRUCTION, INC. - 15
CR12-5121RBL

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

# EXHIBIT A

## Storm Water Compliance Plan

United States v. Stowe Construction, Inc. and Bryan Stowe
CR12-5121RBL (W.D. Wa)

## STOWE CONSTRUCTION, INC./BRYAN STOWE
## STORM WATER COMPLIANCE PLAN

The following standards and requirements for a STORM WATER COMPLIANCE PLAN (SWCP) have been prepared pursuant to Plea Agreements between Stowe Construction, Inc., a corporation organized under the laws of the Washington, and Bryan Stowe, and the United States, filed in the United States District Court for the Western District of Washington in <u>United States v. Stowe Construction, Inc. and Bryan Stowe</u>, CR12-5121RBL.   Stowe Construction, Inc.'s and Bryan Stowe's respective agreements to develop, finance and implement the SWCP will be a condition of Probation and/or Supervised Release (assuming the Court approves the terms of each Plea Agreement and enters sentences accordingly).

## A.   BACKGROUND/APPLICABILITY

(1)   Stowe Construction, Inc. (SCI) is a Washington corporation engaged in the business of acquiring and developing real property.  Bryan Stowe is an owner and corporate officer of SCI.  Bryan Stowe owns and operates a number of other business entities with interests in real property.

(2)   The  SWCP applies to all of SCI operations during the period of probation and/or supervised release, including all subsidiaries, affiliated business entities, and agents (owned wholly or partially by SCI or its successors in interest), operated, managed and/or manned by SCI employees, contractors or designees, at anytime during the period of probation.  The SWCP also applies to all business entities for which Bryan Stowe is an owner or operator.

(3)   The following parties shall be deemed "Interested Parties" for purposes of this ECP: the United States Attorney's Office for the Western District of Washington, the United States Environmental Protection Agency/Region 10, the United States Probation Office for the Western District of Washington, and the Washington State Department of Ecology.

(4)   All federal, state and local requirements, restrictions, conditions and prohibitions otherwise applicable to the site activities shall remain in effect.  The terms and conditions of this SWCP are intended to supplement any other terms and conditions imposed by federal, state and local authorities. SCI and Bryan Stowe shall advise the interested parties of any conflict between the SWCP and applicable federal, state and local requirements, restrictions, conditions and prohibitions.

## B.   DEFINITIONS

Except as specifically provided herein, definitions for terms used in this SWCP shall be incorporated from the Clean Water Act, regulations promulgated pursuant to that Act, and the State of Washington Construction Stormwater General Permit.

*Site*:   Any location owned or operated by SCI or Bryan Stowe at which there is or will be any land disturbing operations including clearing, grading or excavation which disturbs the surface of the land.  Such activities may include road construction, construction of residential houses, commercial buildings, or industrial facilities, and demolition activity.

*Storm Water Consultant*:   A third party professional retained by SCI and Bryan Stowe (with each party retaining their own professional for the construction projects for which they are responsible) to ensure compliance with the terms of this SWCP and the terms and conditions of all applicable permits, the storm water requirements of the Clean Water Act, requirements of applicable state statutes and regulations, and any local requirements relevant to land development.  The retained professionals shall be currently certified as a Certified Professional in Erosion and Sediment Control by the CPESC, Inc., and maintain a current certification throughout any period of retention under this SWCP.  The retained professionals shall possess the skills necessary to assess Site conditions affecting storm water quality and permit compliance issues; and be knowledgeable in the principles and practices of sediment and erosion control.

*Responsible Official*:   An employee, agent or contractor of Bryan Stowe and SCI charged with the responsibility of ensuring full compliance with the terms and conditions of this SWCP.  Bryan Stowe shall not be the designated Responsible Official for either himself or SCI.  There shall be one responsible official for each construction project. The Responsible Official shall serve as the designated Certified Erosion and Sediment Control Lead (CESCL) as required by the State of Washington Construction Stormwater General Permit.

*Construction Projects*:   All sites at which SCI or Bryan Stowe, through the actions of their employees, agents, or contractors, are conducting any operations subject to the terms and conditions of the State of Washington Construction Stormwater General Permit regardless of whether SCI or Bryan Stowe have applied for, or been granted, coverage under that Permit.

*Construction Activity*:   Any land disturbing operations including clearing, grading or excavation which disturbs the surface of the land.  Such activities may include road construction, construction of residential houses, office buildings, or industrial buildings, and demolition activity.

C.   STORM WATER CONSULTANT

SCI and Bryan Stowe shall nominate a Storm Water Consultant within thirty (30) days of entry of their respective Judgments in the underlying criminal case.  The nominations shall be communicated to the Interested Parties whose approval shall not be unreasonably withheld.

D.   RESPONSIBLE OFFICIAL

SCI and Bryan Stowe shall nominate a Responsible Official within ten (10) days of entry of their respective Judgments in the underlying criminal case.  The nominations shall be communicated to the Interested Parties whose approval shall not be unreasonably withheld.

E.   NOTICE OF CONSTRUCTION PROJECTS

SCI and Bryan Stowe shall provide the interested parties with written notice of all Construction Projects within five (5) days of entry of their respective Judgments.  The notice shall include copies of any applicable permits, together with permit application forms and similar requests for coverage.

F.   PERMITS

SCI and Bryan Stowe shall not commence any Construction Activities, or direct any agents or contractors to commence Construction Activities, until all required storm water authorizations have been issued by federal, state, and/or local authorities, or until coverage has been obtained pursuant to any applicable permit.

G.   STORM WATER POLLUTION PREVENTION PLANS

SCI and Bryan Stowe shall prepare, or cause to be prepared, a Storm Water Pollution Prevention Plan (SWPPP) for each Construction Project.  Each SWPPP shall comply with the terms and conditions of any applicable permit, including all applicable federal, state and local requirements for sediment and erosion control.

Each SWPPP shall address the following requirements provided, however, that in the event of any irreconcilable inconsistency between these requirements and those imposed by an applicable permit, the permit requirements shall prevail to the extent necessary to resolve the inconsistency.  Any term or condition imposing an additional or enhanced requirement shall not be considered an inconsistency.

1.   SWPPP Preparation:  The SWPPP shall be prepared by a registered professional engineer and signed in accordance with the requirements of the applicable storm water regulations or permit.

2.   SWPPP Site Visit:  The registered professional engineer tasked with preparing the SWPPP shall conduct a site inspection prior to preparing the SWPPP.

3.   SWPPP Contents:   In addition to all provisions mandated by any applicable permit, SWPPPs shall include the following:

- Identity and contact information for all contractors, subcontractors, and agents responsible for implementing each BMP identified in the SWPPP;
- A detailed description of the site and nature of the Construction Activity, to include the location, existing Site conditions, estimates of the total area to be disturbed, estimates of run-off volume, peak flows, and sediment yield using the TR-55 Model or the Revised Universal Soil Loss Equation; and
- Measures to protect species listed under the Endangered Species Act, or any state counterpart, as either endangered or threatened.

4.   Availability of SWPPP:   The entire SWPPP, including site maps and diagrams, shall be readily available at the site for review by contractors, subcontractors, agents, and employees, together with any federal, state or local inspector.

## H.   RAINIER PARK OF INDUSTRY SITE SWPPP UPDATE

The designated Responsible Official and selected Storm Water Consultant for the owner/operator of the Rainier Park of Industry Site shall conduct a joint inspection of the Site within ten (10) days following entry of Judgment to obtain information necessary to prepare an updated SWPPP for the Rainier Park of Industry site consistent with Section G above and any applicable permits and outstanding compliance orders.  The designated Responsible Official shall prepare, or cause to be prepared, an updated SWPPP for the Rainier Park of Industry no later than thirty (30) days following the Site inspection.  The Responsible Official shall provide the Storm Water Consultant with a draft copy of the updated SWPPP for review and comment.  The Storm Water Consultant shall submit the final updated SWPPP to the Interested Parties within fourteen (14) days of receipt from  Responsible Official.

I.    NOTICE OF CONTACT INFORMATION

SCI and Bryan Stowe shall post a conspicuous notice providing their respective contact information, together with contact information for the Storm Water Consultant and Responsible Official, at each of their respective Sites.  SCI and Bryan Stowe shall authorize all employees, contractors, subcontractors, and agents to contact its Storm Water Consultant and Responsible Official with any questions or to report problems relating to sediment and erosion control.  All questions and reports shall be documented in a written log with copies of the written documentation provided to the Interested Parties no later than five (5) days of receiving the question or report.  SCI and Bryan Stowe shall not retaliate against any employee, contractor, subcontractor, or agent for exercising this opportunity to report.

J.    CONTRACTOR ACKNOWLEDGEMENT

SCI and Bryan Stowe shall obtain written acknowledgements from all contractors and subcontractors providing services related to Construction Activities at any Construction Project that the contractor or subcontractor:

1.    Received and reviewed a copy of this SWCP, the SWPPP, any applicable permits, and any applications for permits; and

2.    Will contact the Interested Parties and report any apparent inconsistency with this SWCP, the SWPPP, and any applicable permits, together with any request or effort on the part of SCI or Bryan Stowe to direct work believed to be in violation of this SWCP, the SWPPP, or any applicable permits.

K.    INSPECTIONS/CERTIFICATIONS

1.    Initial Inspection/Certification

With the exception of the Rainier Park of Industry Site, the Storm Water Consultant shall inspect all Construction Projects no later than thirty (30) days following entry of Judgment to determine whether all BMPs required by the SWPPPs have been correctly installed and are fully functional, at those Construction Projects for which SWPPPs are required.  The Storm Water Consultant and Responsible Official for SCI and Bryan Stowe shall provide written certification to the Interested Parties certifying satisfaction of this requirement.  Any deficiencies identified by the Storm Water Consultant shall be noted in the written certification.

The Responsible Official shall provide a written report to the Interested Parties and the Storm Water Consultant no later than sixty (60) days following entry of Judgment addressing all remedial measures that will be undertaken to address the

deficiencies together with a schedule for implementing those measures. The Storm Water Consultant shall conduct a follow up inspection of the Construction Project no later than thirty (30) days following receipt of the written report to assess whether the cited deficiencies were adequately addressed. Any continuing deficiencies shall be reported to the Interested Parties.

2.      Pre-Construction Inspection/Certification

The Storm Water Consultant shall inspect all Sites owned or controlled by SCI or Bryan Stowe, or at which Bryan Stowe will be conducting construction activities, at least ten (10) days prior to commencement of construction activities to determine whether all necessary permits have been obtained and are available as required by this SWCP, a fully compliant SWPPP has been prepared if one is required, and scheduled construction activities are consistent with the SWPPP terms and conditions if one is required. The Responsible Official and the registered professional engineer responsible for preparing the SWPPP, if one was required, shall accompany the Storm Water Consultant. Any deficiencies shall be immediately reported in writing to the Interested Parties. No construction activities shall be undertaken until all deficiencies have been adequately addressed to the satisfaction of the Storm Water Consultant.

3.      Weekly/Rain-Related Inspections

The Responsible Official shall conduct an inspection at each Construction Project at which construction activity has commenced at least once each calendar week and within twenty-four (24) hours of the end of a rain event of 0.5 inches or more. This inspection shall include all disturbed areas, areas used for storage of materials exposed to precipitation, vehicle ingress or egress locations, discharge points, downstream locations in close proximity to the Construction Project, and all erosion and sediment control measures. The purpose of the inspection is to assess whether the erosion and sediment control measures are fully functioning consistent with the SWPPP, this SWCP and any other applicable permits.

The Responsible Official shall document all deficiencies discovered in the course of these inspections in a written log to be retained by the Responsible Official and made readily available to any regulatory officials.   The required deficiencies shall include, but are not limited to:

-   Any necessary repairs to existing BMPs to ensure they are maintained in effective operating condition;
-   The need to modify and/or implement additional BMPs to eliminate or significantly minimize discharges of pollutants from the

Construction Project to waters of the United States or state waters; and

\-    Any discharges, including non-storm water discharges, from the Construction Project to waters of the United States or state waters.

The documented results of each weekly and rain-related inspection must be certified by the Responsible Official. All identified deficiencies and discharges shall be addressed expeditiously to minimize discharges. The Responsible Official will record all corrective measures taken to address the deficiencies and the date on which the measures were implemented.

4.    <u>Monthly Inspections</u>

The Storm Water Consultant shall conduct independent monthly inspections at each Construction Project with the first such monthly inspection occurring within fourteen (14) days following commencement of Construction Activities. The Responsible Official shall accompany the Storm Water Consultant on each monthly inspection. In addition to conducting the inspection, the Storm Water Consultant shall review the weekly inspection reports prepared since the last monthly inspection to assess whether the inspections were correctly conducted and documented, and whether identified deficiencies were adequately addressed. The Storm Water Consultant shall prepare a written summary of the monthly inspection, noting any recurring deficiencies and directing any further action items to address those deficiencies. A copy of the monthly summary shall be provided to the Interested Parties.

L.    WEEKLY SITE MEETINGS

The Responsible Official shall hold weekly meetings with any employees, contractors, subcontractors and agents involved in any ground-disturbing activities at the Construction Project to review the requirements of any applicable permits, the SWPPP, this SWCP, and any problems or issues associated with implementing the SWPPP, maintaining the BMPs, and meeting the terms and conditions of this SWCP. A written log shall be maintained documenting the date and time of each meeting as well as the identity of all attendees.

M.    TRAINING

SCI's designated Responsible Official, together with Bryan Stowe and his designated Responsible Official, shall attend the Construction Site Erosion and Pollution Control course offered through the University of Washington Professional & Continuing Education Program, or a course with an equivalent curriculum, no later than sixty (60) days following entry of Judgment. Any required attendees would be credited

with meeting this requirement by completing the course prior to entry of Judgment. SCI and Bryan Stowe shall submit documentation confirming course completion, including any certifications, to the Interested Parties no later than sixty (60) days following entry of Judgment.

N.   NON-COMPLIANCE

Compliance with the terms of this SWCP does not release SCI or Bryan Stowe from complying with all applicable environmental laws, rules or regulations, or judicially imposed terms of probation and/or supervised release, and does not limit imposition of any sanctions, penalties, or any other actions, available under those laws, rules or regulations. The SWCP shall be agreed to as part of the Plea Agreement and adherence to it will be a condition of probation and/or supervised release. Failure to comply with any part of the SWCP, (including but not limited to refusal to pay valid charges for the Storm Water Consultant and failure to provide the Storm Water Consultant access to any Site) shall be considered grounds for revoking or modifying probation/supervised release. SCI shall not be responsible for Bryan Stowe's failure to comply with the terms of this SWCP for those Sites at which Bryan Stowe is the owner/operator. Similarly, Bryan Stowe shall not be responsible for SCI's failure to comply with the terms of this SWCP for those Sites at which SCI is the owner/operator.

O.   CHANGES IN OWNERSHIP

SCI and Bryan Stowe agree to immediately (but in no event later than ten (10) days following a change) notify the Interested Parties and the Storm Water Consultant of any change in name, or ownership, of any of the entities owning or operating Sites subject to the terms of this SWCP. This SWCP shall remain in effect for all subject Sites regardless of changes in the ownership of the underlying real property or the name or form of operation, so long as the Sites are managed, operated or controlled by SCI or Bryan Stowe, or any of SCI's or Bryan Stowe's wholly-owned subsidiaries. SCI and Bryan Stowe shall notify the Interested Parties before any Site is released from the requirements of the SWCP due to a change in ownership, operational management or control.

P.   REVISIONS/MODIFICATIONS

Any revisions or modifications to the SWCP must be made in writing.

Q.   REPORTS

All reports, documents, notifications and correspondence required to be sent to the Interested Parties shall be sent to the following offices:

1.      U.S. Attorney's Office
        Western District of Washington
        700 Stewart Street, Suite 5220
        Seattle, WA 98101

2.      U.S. Environmental Protection Agency
        Regional Criminal Enforcement Counsel
        1210 Sixth Avenue
        Mail Stop ORC-158
        Seattle, WA 98101

3.      U.S. Probation Office
        Western District of Washington
        700 Stewart Street, Suite 11101
        Seattle, WA 98101

4.      Washington State Department of Ecology
        Attn: Stephanie Jackson
        SWRO WQ Unit
        P.O. Box 47775
        Olympia, WA 98504

**STOWE CONSTRUCTION, INC.**

I have read this SWCP in its entirety, and have discussed it with the directors of Stowe Construction, Inc. and with its attorneys. I hereby represent that I am an officer of Stowe Construction, Inc. and that I am duly authorized to enter into the Plea Agreement, including the SWCP. I hereby acknowledge that the Plea Agreement and the SWCP fully set forth the agreement of Stowe Construction, Inc. with the United States. I further state that there have been no additional promises or representations made to or for the benefit of Stowe Construction, Inc. by any officials of the United States in connection with this matter.

On Behalf of Stowe Construction, Inc.:

DATED:   3-30-12

LINDA STOWE

As counsel for Stowe Construction, Inc., I have discussed with my corporate client and its duly authorized representative the terms of this SWCP and have fully explained its requirements. I have no reason to doubt that my client is knowingly and voluntarily entering into this SWCP.

DATED: _____

JOHN WOLFE   Nicole Tadano
Counsel for Stowe Construction, Inc.

## BRYAN STOWE

I have read this SWCP in its entirety, and have discussed it with my attorneys. I hereby acknowledge that the Plea Agreement and the SWCP fully set forth my agreement with the United States. I further state that there have been no additional promises or representations made to me by any officials of the United States in connection with this matter.

DATED: _____

_____
BRYAN STOWE

As counsel for Bryan Stowe, I have discussed with him the terms of this SWCP and have fully explained its requirements. I have no reason to doubt that my client is knowingly and voluntarily entering into this SWCP.

DATED: _____

_____
ROBERT CHADWELL
Counsel for Bryan Stowe

## INTERESTED PARTIES

On behalf of the Interested Parties, the following agree to the terms of the SWCP:

DATED: 3/30/2010

MATTHEW D. DIGGS
Assistant United States Attorney

DATED: 3/30/12

JAMES D. OESTERLE
Assistant United States Attorney

# APPENDIX 1

# INITIAL LIST OF SITES